UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIC REDDICK,

Plaintiff,

v.                                                Case No. 6:10-cv-735-Orl-28KRS

ASSISTANT STATE ATTORNEY,

Defendant.

_____

## ORDER OF DISMISSAL

Plaintiff, a prisoner of the State of Florida proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.

### I. *Legal Standard*

Pursuant to 28 U.S.C. section 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners:

> (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

In addition, 28 U.S.C. section 1915(e) directs the court to dismiss actions which are frivolous or malicious. A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). However, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

## II.    *Analysis*

Plaintiff alleges that the assistant state attorney in his criminal case is using "false evidence" against him, that the confidential informants in his case are unreliable, and that there is no basis supporting the prosecution against him.

In the present case, Defendant is immune from prosecution under section 1983 for acts taken during the course of his or her duties as a prosecutor. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Thus, Defendant was cloaked with absolute immunity for the alleged improper activities, which were associated with the judicial phase of the proceedings. *See Allen v. Thompson*, 815 F.2d 1433, 1434-35 (11th Cir. 1987). Defendant is entitled to absolute immunity for the alleged wrongdoings set forth in the complaint, and this case must be dismissed as frivolous as to Defendant.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      This case is **DISMISSED**.

2.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida this ____/3____ day of

May, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sa 5/12
Eric Reddick